IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DAVID VERDEN WILLIAMS, JR., FED. REG. #99700-022, | ) ) ) | CIV. NO. 19-00081 JMS-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| U.S. DEP'T OF JUSTICE, BOP WARDEN OF FDC HONOLULU, FEDERAL BUREAU OF PRISONS, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Before the court is pro se Plaintiff David Verden Williams, Jr.'s prisoner civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Williams alleges that prison officials at the Federal Detention Center, Honolulu ("FDC Honolulu"), including an unidentified warden and psychologist, and Physician's Assistant ("PA") Ackley, violated his constitutional rights regarding an incident that allegedly occurred more than five years ago when Williams was incarcerated at FDC Honolulu.[1]

---

[1] Williams is now incarcerated at the Federal Correctional Institution, Estill, South Carolina ("FCI Estill"). Williams was held at FDC Honolulu from September 12 to October 14,
(continued...)

Williams' pleadings, which encompass at least three serially-filed documents,[2] fail to state a colorable claim for relief and are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Williams is granted leave to amend his claims to cure their deficiencies by submitting one coherent pleading on the court's prisoner civil rights complaint form on or before May 27, 2019.

## I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of all pleadings brought by a prisoner to the federal courts, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain

---

[1](...continued)
2011; January 8 to March 7, 2012; January 13 to December 3, 2013; and May 10, 2016, to May 24, 2017. *See United States v. Williams*, Cr. No. 11-00937 SOM (D. Haw. 2013). Williams was sentenced on October 7, 2013, and judgment entered on October 8, 2013. *Id.*, ECF No. 77.

[2] *See* ECF Nos. 1, 4, 7.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[3]

As noted, Williams has filed at least three documents labeled as the "Complaint" or "Amended complaint," as well as several other documents in

---

[3] On screening, Williams' allegations are accepted as true and construed in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

3

which he attempts to explain his claims.[4] Reading these documents together, the court discerns the following allegations: Williams claims that, while he was confined at FDC Honolulu, a psychologist negligently ordered a "tactical" team to move him from a solitary, suicide watch cell to a Special Housing Unit ("SHU") cell.[5] Williams was housed with an inmate that he alleges was known to be violent, who Williams alleges attacked him on or about January 26, 2012, hitting Williams in the head thirty to forty times when Williams refused to perform oral sex. *See* ECF No. 19 (memorandum "Inmate Disciplinary Record Indicating date of skull fracture").[6] PA Ackley examined Williams after the assault, took photographs, told Williams that he had abrasions only, and did not order x-rays or an M.R.I.

Williams alleges that his skull and nose were fractured during this attack, causing brain damage and rendering him mentally incompetent for the past five years. Williams says that he has asked for x-rays repeatedly since the assault, but

---

[4] *See* ECF Nos. 1 (original pleading), 4 ("Complaint"), 7 ("Amended complaint"), 8 (letter explaining claims), 12 (memorandum on statute of limitation), 19 (memorandum), and 20 (memorandum on status of case and issues to address).

[5] Williams says he "was on suicide watch numerous times at FDC Honolulu refusing to have a cell mate in the SHU because I was parano[i]d with schizophrenia." Initial Compl., ECF No. 1, PageID #5.

[6] This document also indicates that Williams was found guilty of "Fighting With Another Person," and "Assaulting W/O Serious Injury," and was sanctioned to a loss of 42 days of good time credit in the event that Williams was later convicted and sentenced.

was denied until PA Middleton at FCI Estill recently ordered an x-ray of his skull. Williams states that he has not seen the results of this x-ray.

Williams claims that the FDC Honolulu Warden and psychologist violated his right to be free from cruel and unusual punishment by negligently moving him to the SHU where he was housed with a violent inmate, and that PA Ackley provided inadequate medical care by failing to order an x-ray to determine whether Williams had skull and nose fractures.

Williams says that he was unable to commence this suit or grieve this incident within the past five years because he was mentally incapacitated after the attack, but he is now "in the process of exhausting [his] Administrative Remedies with the BOP in relation to this claim." ECF No. 1, PageID #2-3. He says the FCI Estill Warden is currently reviewing his first-step BP8 grievance, and that he will take his claims to the BOP Regional and Central offices after the FCI Estill Warden rules on the grievance.

Williams seeks $20 million in compensatory and punitive damages.[7]

---

[7] Williams now seeks expungement of his plea agreement in Cr. No. 11-00937 SOM. *See* ECF No. 19. Williams is notified that this type of relief is not available in a *Bivens* action. *See Nettles v. Ground*, 830 F.3d 922, 931 (9th Cir. 2016) (defining claims that are "within the core of habeas," and those that are not).

## III. **DISCUSSION**

*Bivens* recognized for the first time an implied cause of action for damages against federal actors in their individual capacity for violating a plaintiff's civil rights that is analogous to a suit brought against state actors under 42 U.S.C. § 1983.[8] *See Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). To state a *Bivens* claim for damages, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (stating even pro se litigants must "allege with at

---

[8] Although *Bivens* has recently been labeled a "'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), it applies to a prisoner's Eighth Amendment claims alleging a failure to provide adequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980). The court assumes for the purposes of screening that *Bivens* relief is available to a pretrial detainee's similar claims brought under the Fifth Amendment. *See Self v. Warden, MCC*, 2019 WL 497731, at *4 & n.4 (S.D. Cal. Feb. 8, 2019) (citing *Laurent v. Borecky*, 2018 WL 2973386, at *5 (E.D.N.Y. June 12, 2018) (other citations omitted).

least some degree of particularity overt acts which defendants engaged in" to state a claim). Williams must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by each individual defendant that show a direct causal connection to a violation of specific constitutional rights, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**A.     Official Capacity Claims for Injunctive Relief**

Williams only names the U.S. Department of Justice ("DOJ"), the Federal Bureau of Prisons ("BOP"), and the FDC Warden as Defendants in the captions of his documents. But because he alleges claims against the FDC psychologist and PA Ackley within his pleadings, the court liberally construes the pleadings as including the FDC psychologist and PA Ackley as Defendants. *See Yeseta v. Baima*, 837 F.2d 380, 382-83 (9th Cir. 1988). *Bivens* provides a cause of action against *individual* officers acting under color of federal law who are alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001); *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). Williams cannot state colorable *Bivens* claims against the DOJ or the BOP, and to the extent that he names the FDC Honolulu Warden, psychologist, and PA Ackley in their official capacities, these claims are DISMISSED with prejudice.

**B.     Rule 8**

Under the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement" of the court's jurisdiction that shows the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Claims must be set forth simply, concisely, and directly in a manner that gives the defendant fair notice of the claims alleged. *See* Rule 8(d)(1); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint must allege in specific terms how each named defendant is involved and set forth an affirmative link between each defendant's actions and the claimed deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Williams' scattershot, disjointed pleadings and filings, serially alleging his facts and claims within several documents, do not allow the court to clearly understand his claims or plausibly infer that any individual Defendant violated his constitutional rights. The court has struggled to understand and reconcile Williams' numerous and sometimes contradictory claims in his many filings, but is unable to do so in their present form. Williams simply does not provide enough facts regarding his allegations in any coherent manner that allows the court to understand who he is suing or to accurately infer how his rights were violated.

Williams himself concedes this, stating, "[t]he Court cannot properly screen my complaint because the matter hasn't been properly investigated and the date of skull fracture is still unknown." Notice of Appeal ¶ 1, ECF No. 14.

For example, Williams has consistently failed to assert the date that the alleged assault took place in any of his pleadings and other documents, stating only that it occurred "approximately 5(+) years ago." ECF No. 1., PageID #1. On April 11, 2019, however, Williams sent a document directly to Senior District Judge Susan Oki Mollway,[9] in which he asserts that the incident occurred on January 26, 2012. *See* ECF No. 19. Williams did not submit this document to the Clerk of Court for filing in this action, as he clearly is able to do, or seek to amend his pleadings to include this crucial information. He also fails to explain why, if he was competent enough to grieve his claims and discuss the incident with PA Middleton *before* he commenced this suit, he was unable to determine the date of the incident before he filed suit. And, if the incident occurred in 2012, as Williams now asserts, it has been more than *seven* years since the incident, not five years. Finally, if the incident occurred on January 26, 2012, it happened while Williams was awaiting trial as a pretrial detainee, which affects how his

---

[9] Judge Mollway presided over Williams' criminal proceedings in Cr. No. 11-00937 SOM.

claims are reviewed. Broadly alleging that something happened more than five years ago, then sending a document with the corrected date to another judge who is not presiding over this action, is insufficient to properly allege a claim or to give notice to any Defendant of that claim.

Moreover, Williams only names the DOJ, the FDC Honolulu Warden, and the BOP in his documents; he has never named PA Ackley or the FDC Honolulu psychologist in the captions of his pleadings, despite his repeated allegations that their negligence resulted in his assault and injuries. If Williams intends to assert a claim against these individuals, he must name them in the caption of the complaint, *see* Fed. R. Civ. P. 10(a), and assert sufficient, plausible facts within the complaint to show how they each, personally, violated his constitutional rights.

Williams also fails to reconcile his claim that the FDC Honolulu psychologist knew that his prospective cell mate was violent because she had screened this inmate, with his contradictory claim that BOP psychologists *failed* to screen this inmate before Williams was housed with him. *Compare* Compl., ECF No. 4, PageID #19 ("The team moved me from suicide watch to a SHU cell with a violent inmate screened by psychologist."), *with* Am. Compl., ECF No. 7, PageID #37-38 ("And psychology was supposed to screen potential inmates for me to be cell-mates with. The inmate that punched me in the head (30-40 blows) was a

violent predator and I should of not been forced into a SHU cell with him by the tactical team.").

Williams also asserts that his skull and nose were fractured during the alleged assault. But he states that he was denied x-rays to verify these alleged injuries and that, although PA Middleton ordered x-rays of his skull, he has not seen the results. That is, Williams' claims that his skull and nose were fractured are only his unsupported conclusions that are not yet supported by any medical evidence. This also undermines Williams' allegations that he suffered a severe injury and brain damage from the alleged assault and that PA Ackley was negligent when he diagnosed and treated him only for abrasions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Because Williams fails to provide a single, cohesive document that encompasses his statement of claims, adequately alleges who is named as a Defendant, and provides the basis for each allegation against each individual

named, he fails to state a claim under Fed. R. Civ. P. 8, and his pleadings are DISMISSED with leave granted to amend.[10]

## IV. **LEAVE TO AMEND**

Williams' pleadings are DISMISSED with leave granted to amend those claims that are dismissed without prejudice. This is not an open invitation for Williams to expand his claims, but only to provide enough detail for the court to understand who he names as Defendants and to plausibly infer that these named Defendants have violated his constitutional rights. If Williams seeks to add new claims or Defendants, without explaining how those claims or parties relate to the claims alleged in his dismissed pleadings, he must seek leave to do so.

Williams may file an amended complaint on or before May 27, 2019, that cures the deficiencies in his claims. He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and must be submitted on the court's prisoner civil rights form. An amended complaint will

---

[10] Williams also fails to comply with Local Rule LR99.7.10, which requires prisoner complaints to be submitted on the court's prisoner civil rights complaint form, or to substantially conform to that form.

supersede all preceding complaints. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). If Williams fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[11]

## V. **<u>NOTICES</u>**

To enable Williams to effectively amend his pleadings under *Bivens*, or in the alternative, to dismiss this action until he is able to adequately amend his claims, the court provides the following legal standards. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend).

---

[11] 28 U.S.C. § 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## A. Pretrial Detainee's Claims Arise Under the Fifth Amendment

Williams alleges that he was assaulted on January 26, 2012, approximately fifteen months before he was sentenced in Cr. No. 11-00937 SOM. Williams' claims are therefore evaluated under the due process clause of the Fifth Amendment, which applies to pretrial detainee claims, rather than under the Eighth Amendment, which applies to convicted prisoners' claims. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (discussing the differing constitutional standards that apply to convicted inmates as opposed to pretrial detainees) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding due process requires that a pretrial detainee may not be punished prior to a lawful conviction)).

## B. Failure-to-Protect Claims: FDC Honolulu Warden and Psychologist

Prison officials have a "duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotation marks and citations omitted). To state a claim for failure-to-protect under the Fifth Amendment, Williams must allege facts showing that (1) the defendant "made an intentional decision with respect to" the plaintiff's conditions of confinement, that (2) "put the plaintiff at substantial risk of suffering serious harm," and (3) failed to take "reasonable available measures to abate that risk" in a

way that (4) "caused the plaintiff's injuries." *Castro*, 833 F.3d at 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable[.]" *Id.* A plaintiff must allege that the prison official acted with deliberate indifference because mere negligence is insufficient to show liability. *See Farmer*, 511 U.S. at 835 (differentiating deliberate indifference from negligence); *Castro*, 833 F.3d at 1071 (stating that, although subjective intent is not required, objective unreasonableness requires "more than negligence" — "something akin to reckless disregard").

Williams alleges that the FDC Warden "was negligent in placing me in a SHU cell with a violent inmate." ECF No. 4, PageID #18. Williams fails to allege facts that show the Warden intentionally ordered, knew, or approved of Williams' transfer and failed to take reasonable measures to abate a substantial risk that this transfer might pose to Williams. That is, he does not allege that the Warden knew who Williams would be housed with, or knew that Williams' potential cell mate posed a substantial risk to Williams (or others), and nonetheless approved Williams' transfer. Williams therefore fails to assert facts that show the Warden acted with objective, deliberate indifference to his safety. *See Castro*, 833 F.3d at 1067-68 (stating that, to prevail on a failure-to-protect claim a "plaintiff must show that the prison officials acted with 'deliberate indifference,'" regardless of

15

whether the claim arises under the Eighth Amendment or the due process clauses of the Fifth or Fourteenth Amendments) (citing *Bell*, 441 U.S. at 535).

Similarly, accepting that the FDC Honolulu psychologist knew that Williams' SHU cell mate was violent, and that the psychologist approved Williams' transfer from a suicide watch cell to the SHU, Williams alleges nothing showing that the psychologist knew that Williams would be housed with the allegedly violent inmate and did nothing to prevent this risk. Williams simply alleges that the psychologist was negligent in ordering his transfer from suicide watch to the SHU, which is insufficient to state a claim for deliberate indifference.

Williams fails to allege facts showing that either the FDC Warden or psychologist acted with objective deliberate indifference to a substantial risk to his safety, rather than negligently (as he alleges). Thus, he fails to state a colorable claim against them under the Fifth Amendment.

## C. Inadequate Medical Care: PA Ackley

Williams alleges that PA Ackley negligently diagnosed his injuries as abrasions and failed to order x-rays. Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). A prisoner's claim of

inadequate medical care may state a claim if the alleged treatment rises to the level of "deliberate indifference to serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (discussing convicted inmate's medical care claims under the Eighth Amendment); *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (holding pretrial detainees' inadequate medical care claims are evaluated under an "objective deliberate indifference standard"). Negligence in diagnosing or treating a medical condition does not give rise to a claim under the Fifth Amendment. *See Gordon*, 888 F.3d at 1125. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an inadequate medical care claim. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Other than Williams' own conclusory allegation that his skull and nose were fractured, which he admits is unsupported by any medical tests, Williams alleges no facts that show that PA Ackley was objectively deliberately indifferent to his serious medical needs.[12] He says that Ackley took photographs of his injuries,

---

[12] In a March 4, 2019 letter to the court, Williams states that PA Middleton told him that he "had 16 separate incidents which required medical evaluations at F.D.C. Honolulu." ECF No. 8, PageID #43. While not attested to under penalty of perjury, this statement undermines Williams' allegations that he suffered a fractured skull and nose at FDC Honolulu, but received no care for this injury.

17

diagnosed only abrasions, and failed to order x-rays. Without more, this claim does not allow the court to infer that PA Ackley violated Williams' rights.

D.     **Conceded Failure to Fully Exhaust Administrative Remedies**

Williams asserts that, although he was allegedly unable to exhaust his administrative remedies within the past five years because of his injuries, he is now in the process of grieving his claims and is awaiting a decision on his BP8 first step grievance from the FCI Estill Warden.

Williams is notified that under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust their available administrative remedies *prior* to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).

If Williams elects to amend his claims and proceed with this suit, rather than voluntarily dismissing this action, and if administrative remedies were available to him *before* he brought this action, *see Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), as he affirmatively alleges they were, and he did not fully

18

exhaust his claims before commencing this suit, his action will be subject to dismissal pursuant to 42 U.S.C. § 1997e(a).

## VI. **CONCLUSION**

(1) Williams' pleadings are DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

(2) Williams may file an amended pleading that cures the deficiencies in his claims on or before May 27, 2019.

IN THE ALTERNATIVE, Williams may notify the court in writing on or before May 27, 2019, that he will voluntarily dismiss this action. In that event, the court will dismiss this action without prejudice.

(3) The Clerk is directed to send Williams a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended complaint.

///

///

///

///

///

///

(4)  If Williams fails to timely amend his pleadings **and** cure its deficiencies on or before May 27, 2019, this action may be AUTOMATICALLY DISMISSED and he may incur a strike pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, April 22, 2019.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*Williams v. U.S. Dep't of Justice, et al.*, 1:19 cv 00081 JMS KJM; scrng '19 (Bivens, pretr. or conv, R8, fail prot., inad. med.)