IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID VERDEN WILLIAMS, JR., FED. REG. #99700-022, | CIV. NO. 19-00081 JMS-KJM |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

## ORDER DISMISSING AMENDED COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is pro se Plaintiff David Verden Williams, Jr.'s ("Williams") first amended complaint ("FAC") brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Williams alleges that the Federal Bureau of Prisons ("BOP") violated his constitutional rights as a pretrial detainee at the Federal Detention Center, Honolulu ("FDC Honolulu") on or about January 26, 2012.[1]

For the following reasons, the FAC is DISMISSED for Williams' failure to state a colorable claim for relief. Williams is granted leave to amend his claims in Count I only, on or before July 22, 2019. Count II is DISMISSED with prejudice.

---

[1] Williams is now convicted and incarcerated at the Federal Correctional Institution, Estill, South Carolina ("FCI Estill").

Williams' Motion for Appointment of Counsel is DENIED.

## I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of all pleadings brought by prisoners, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

Williams commenced this action on February 12, 2019, alleging that he was assaulted by another inmate at the FDC Honolulu in 2012, due to negligence by an FDC Honolulu psychiatrist, and that he was then denied medical care. *See* Compl., ECF No. 1. The court dismissed Williams' original Complaint on April 22, 2019, for failure to state a colorable claim for relief with leave granted to amend. Order, ECF No. 21 ("April 22, 2019 Order"). In the April 22, 2019 Order, the court provided Williams detailed guidance regarding the deficiencies in his claims and the relevant legal standards that appeared to apply to them. *See id.*, PageID #105-111. The court directed Williams to submit only "one coherent pleading" that explained his claims in an organized manner, rather than continuing

---

[2] On screening, Williams' plausible factual allegations are accepted as true and construed in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

to assert his claims in serially-filed letters, motions, and pleadings. *Id.* at PageID #94. Williams was notified that being granted leave to amend was "not an open invitation" to add new claims, but a direction to provide enough detail for the court to understand the claims that he had already asserted, detailing who the Defendants are and what they did or failed to do that violated his civil rights. *Id.* at PageID #104.

Williams has disregarded the court's instructions and guidance in large part. Since filing the FAC, Williams has filed a notice of appeal of the April 22, 2019 Order (ECF No. 26),[3] an ex parte letter seeking legal guidance (ECF No. 27), a Request for Release from Custody (ECF No. 32), and a Motion for Appointment of Counsel and a supplemental Statement of Facts of the Case (ECF No. 33). In the FAC, Williams names improper defendants again, alleges new claims not raised in the original Complaint, and fails to allege sufficient facts to support these new claims.

The FAC alleges two causes of action. In Count I, Williams, who says that he is schizophrenic, alleges that a "tactical team" at the FDC Honolulu used excessive force against him several times when they forced him into Special Housing Unit ("SHU") cells with inmates that he alleges posed a risk to his safety.

---

[3] Williams' appeal was dismissed for lack of jurisdiction on May 30, 2019. ECF No. 35.

ECF No. 25, PageID #145. He says the team "would slam [him] against walls and to the ground . . . violently forcing [him] into cells with several inmates." *Id.* at PageID #148. Williams provides no further details regarding these incidents, such as: (1) when they occurred; (2) why a tactical team was required to move him from a suicide cell to the SHU, rather than moving him by his own volition once he was no longer suicidal; (3) on whose orders he was moved: (4) who composed the tactical team; and (5) why he refused to be housed with these other inmates, that is, why it was inappropriate for him to be housed with these particular inmates.

Williams further alleges that, on January 26, 2012, BOP and/or FDC Honolulu officials negligently housed him with a "known, violent inmate" who attacked him when Williams refused his demand for oral sex, fracturing William's skull and nose. *Id.* Williams claims that he incurred brain damage and suffers from post-traumatic stress disorder ("PTSD") as a result of the assault. He directs the court to his many other documents in the record for further details regarding this alleged attack and resulting mental disabilities. Williams no longer alleges that he was denied medical care after this assault.

In Count II, Williams alleges that "corrupt officers at F.D.C. Honolulu were

involved in placing torture chemicals in food trays repeatedly."[4] *Id.*, PageID #146.

He says the BOP "willfully and deliberately allowed this inhumane activity at

F.D.C. Honolulu." *Id.* Williams says this happened daily, although he does not

say exactly when this occurred. He claims that these "non lethal torture

chemicals" caused a burning flesh odor to emanate from his chest and body, *id.* at

PageID #148, and that he lost 52 lbs. from these "burnings," *id.* at PageID #146.

He says that Lieutenant Kim told him, "I never put anything in anyones [sic]

food!" *Id.*

Williams seeks $20 million in compensatory damages. *Id.* at PageID #149.

### III. DISCUSSION

As the court informed Williams in the April 22, 2019 Order, *Bivens*

recognized for the first time an implied cause of action for damages against federal

actors in their individual capacity for violating a plaintiff's civil rights that is

analogous to a suit brought against state actors under 42 U.S.C. § 1983. *See Vega*

*v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). To state a *Bivens* claim for

damages, a plaintiff must allege facts showing that: (1) a right secured by the

---

[4] Williams first raised this claim in an amended complaint that was received on the date the April 22, 2019 Order was issued, but after it was docketed. *See* ECF No. 23

Constitution or laws of the United States was violated,[5] and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

A. **Improper Defendant**

As stated in the April 22, 2019 Order,

Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (stating even pro se litigants must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim). Williams must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by each individual defendant that show a direct causal connection to a violation of specific constitutional rights, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

ECF No. 21, PageID #98-99.

---

[5] The Supreme Court has cautioned against expanding *Bivens*' implied right of action into new contexts beyond those already recognized. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Although *Bivens* applies to convicted inmates' Eighth Amendment inadequate medical care claims, *Carlson v. Green*, 446 U.S. 14 (1980), it is unclear whether it applies to a pretrial detainee's Fifth Amendment claims of excessive force and failure to protect or to inhumane conditions of confinement (by poisoning inmate food). The court assumes that it does for screening purposes. *See Self v. Warden, MCC*, 2019 WL 497731, at *4 & n.4 (S.D. Cal. Feb. 8, 2019) (assuming on screening that *Bivens* applies to pretrial detainee medical care claims).

Williams names the BOP as the only Defendant to this suit, although the court explicitly warned him that *Bivens* provides a cause of action against *individual* officers acting under color of federal law who are alleged to have acted unconstitutionally.[6] *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001); *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). Williams cannot state colorable *Bivens* claims against the BOP, and his claims against it are DISMISSED with prejudice.

B.  **Count I: Excessive Force**

To prevail on an excessive force claim, a pretrial detainee must show that the force purposely or knowing used against him was objectively unreasonable. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Whether the force is objectively unreasonable turns on the "facts and circumstances of each particular case." *Id.* (quoting *Graham v. Conner*, 490 U.S. 386, 396 (1989)). This determination is to be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment'

---

[6] *See* April 22, 2019 Order. ECF No. 21 at PageID #99.

of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

Williams' conclusory claim that a "tactical team at FDC Honolulu used excessive force several times on me, forcing me into SHU cells where inmates posed a violent risk to me" does not satisfy Rule 8's lenient pleading standard. ECF No. 1, PageID #145. Williams provides no facts regarding when this occurred, why force was needed to move him into cells with other inmates, how Williams' responded, what injuries he suffered, what actions were taken before and after the move, or the basis for Williams' statement that these inmates posed a safety risk to him, greater than the inherent risks of housing any pretrial detainee with others. Based on Williams' conclusory allegations, the court cannot plausibly infer that any individual Defendant used objectively unreasonable force against him based on the circumstances surrounding its use and the lack of any legitimate penological purpose or need to protect institutional safety.

Williams' conclusory excessive force claim in Count I is DISMISSED with leave to amend for his failure to state a colorable claim for relief.

**C.     Count I: Failure-to-Protect**

To state a colorable failure-to-protect claim, Williams must allege facts

showing that an individual defendant (or defendants) "made an intentional decision with respect to the conditions under which [Williams] was confined;" that put Williams "at substantial risk of suffering serious harm;" and failed to take "reasonable available measures to abate that risk," although "a reasonable officer . . . would have appreciated the high degree of risk involved;" making the consequences of the Defendant's conduct obvious, thereby causing Williams' injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 & n.4 (9th Cir. 2016) (stating elements of a pretrial detainee's failure-to-protect claim), *cert. denied*, 137 S. Ct. 831 (2017). This fully objective test requires "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Williams claims that the "BOP was negligent" when he was put in a cell "with a known violent inmate." ECF No. 1, PageID #145. Williams does not allege who intentionally decided to house him with this inmate, with objective knowledge that this would put Williams at a substantial risk of harm, yet took no steps to abate that risk, even though a reasonable officer would have appreciated the risk.

Williams' conclusory allegation in Count I, that he was beaten by an allegedly violent inmate, is insufficient to state a cognizable failure-to-protect claim against any individual defendant and this claim is DISMISSED with leave

granted to amend.

**D.     Count II:  Torture Chemicals in Food Tray**

There are several insurmountable problems with Williams' claim that someone put "torture chemicals" on food trays at the FDC Honolulu, which allegedly caused a burning odor to emit from Williams' body and clothes and for him to feel internal burning.  First, Williams did not raise this claim in his original Complaint and does not explain its connection to his original claims regarding the alleged denial of medical care after an assault in 2012.  This claim appears completely unconnected to his original claims.  Nor does Williams set forth any facts alleging when this happened, who is responsible, or any other sufficient details to give plausibility to this claim.

Second, this claims appears frivolous on its face and in light of Williams' history of filings in this court.  A claim is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-30 (1989); *Muhammad v. Phoenix Police Dept.*, 2008 WL 447523, at * 1 (D. Ariz. Feb. 14, 2008).  A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (finding dismissal also appropriate when the

11

facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Thus, a complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) when it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325. "Legal frivolousness justifies dismissal where a complaint is based on "an indisputably meritless legal theory[.]" *Id.* at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 328.

Williams' claim that unidentified guards, apparently in 2012 when his other claims allegedly occurred, put torture chemicals on his food trays is delusional on its face. *See, e.g.*, *Charles v. United States*, 2013 WL 3894996, at *1-2 (D. Ariz. July 29, 2013) (dismissing complaint as frivolous that alleged the government used plaintiff "as a human guinea pig to test audio hypnosis, memory manipulation, mind reading, and they toyed with my body, soul & spirit in an attempt to 'see what they can do' with technology"); *Yacoub v. United States*, 2007 WL 2745386 (W.D. Wash. Sept. 20, 2007) (dismissing complaint as frivolous that alleged defendants "used toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and

bodily functions."); *King v. United States*, 2006 WL 1375090 (W.D. Wash. May 18, 2006) (dismissing complaint as frivolous that alleged plaintiff was a victim of "mind torture via satellite technology" operated by the United States).

This is more obvious in light of the nearly identical allegations that Williams has asserted in other cases in this federal court. *See e.g.*, *United States v. Williams*, Cr. No. 11-00937 (D. Haw. 2015) (ECF No. 107), *aff'd,* App. No. 13-10544 (9th Cir. 2014); *Williams v. United States*, Civ. No. 15-00052 SOM-RLP (D. Haw. 2015) (denying Petition to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255); *Williams v. State*, Civ. No. 06-00194 DAE-BMK (D. Haw. 2006) (dismissing claim in civil rights action).[7] Williams raised an *identical* claim in his pro se Petition to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, in which he stated, "I was illegally drugged at the FDC Honolulu by guards who would place chemicals in food trays while in the SHU." *Williams*, Cr. No. 11-00937, ECF No. 107 at PageID #462. In denying the Petition, United States District Judge Susan Oki Mollway rejected this statement and found that Williams was mentally competent when he signed the plea agreement, based on

---

[7] The court takes judicial notice of Williams' previous cases filed in this court and his allegations therein. *See* Fed. R. Evid. 201(b); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

several psychiatric examinations that were done over the course of his pretrial detainment; his unequivocal, knowing, and intelligent waiver of trial; and acceptance of the plea agreement. *Id.*, ECF No. 133, PageID #593-95.

In reaching this conclusion, Judge Mollway remarked that the Ninth Circuit had held that Williams was competent when it affirmed Williams' conviction, and rejected his strikingly-similar claim on direct appeal that there was "a guard at Halawa prison who used chemicals in a food tray," in an attempt to support his claim that he was incompetent when he pled guilty.[8] *Id.* at 597 (citing App. No. 13-10544, Dkt. Nos. 22 at 3, ID No. 9181031 (July 23, 2014), and No. 23-1, ID No. 9184990 (July 29, 2014).

Finally, U.S. District Judge David A. Ezra, dismissed as frivolous Williams' claim in his 2006 civil rights action that Halawa Correctional Facility officials sent electric shocks from the facility's basement to the floor of Williams' cell in the High Security Housing Unit, allegedly causing internal burning. *See Williams v. State*, Civ. No. 06-00194 DAE, ECF No. 16. This action was finally dismissed for failure to prosecute. ECF No. 44.

---

[8] Williams also sent a letter to U.S. District Judge David A. Ezra, and Magistrate Judge Kevin S.C. Chang during his direct appeal, referring to his civil rights case in which he alleged similar claims that guards put chemicals in his food that stained his hands orange and caused pain, and electrically shocked him through the floor. *See Williams v. State*, Civ. No. 06-00194 (D. Haw. 2006), Compl., ECF No. 1.

Count II is DISMISSED with prejudice as factually frivolous.

## IV. **LEAVE TO AMEND**

The FAC is DISMISSED with leave granted to amend the claims in Count I only. Williams may not expand his claims or assert new, unrelated claims in any amended pleading. He is granted leave to amend only to provide enough detail for the court to understand who he names as Defendants and how those individuals violated his constitutional rights as alleged in Count I of the FAC.

Williams may file an amended complaint on or before July 22, 2019, that cures the deficiencies in his claims in Count I if possible. He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and must be submitted on the court's prisoner civil rights form. An amended complaint will supersede all preceding complaints. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Williams fails to timely file an amended complaint that cures

the deficiencies in his claims, this action will be dismissed and count as a "strike" under 28 U.S.C. § 1915(g).[9]

## V. **MOTION FOR APPOINTMENT OF COUNSEL**

Williams again requests the appointment of counsel. ECF No. 33. There is no constitutional right to counsel in a civil case such as this. *See Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons proceeding in forma pauperis. To do so, the court must evaluate plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved and the likelihood of success on the merits. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Williams' claims have, to date, failed to state a claim or are frivolous and do not justify the appointment of counsel. Moreover, the court has dismissed the FAC with leave to amend, so there are presently no claims before the court to evaluate. Neither the interests of justice nor exceptional circumstances warrant appointment of counsel.

---

[9] 28 U.S.C. § 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Williams' request for appointment of counsel is again DENIED.

## VI. CONCLUSION

(1) The FAC is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Count I is dismissed with leave to amend; Count II is dismissed with prejudice.

(2) Williams may file an amended pleading that complies with the directions in this Order and cures the deficiencies in his claims in Count I on or before July 22, 2019. Further leave to amend will not be granted if Williams fails to do so.

(3) The Clerk is directed to send Williams a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended complaint.

///
///
///
///
///
///
///

(4)  If Williams fails to timely amend his pleadings **and** cure its deficiencies on or before July 22, 2019, this action will be automatically dismissed and he may incur a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 18, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Williams v. Fed'l Bureau of Prisons*, 1:19 cv 00081 JMS KJM; scrng '19 (dsm pretr.dtn'ee FAC Bivens imp. Ds, torture cl. friv. ftsc excv force, fail prot.)